**Jesse C. DANIELS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17664.**

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1972.

Cornish, Cornish & Wright, Inc., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jesse C. Daniels, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Pittsburg County, to the offense of Bogus Check, and received a five-year suspended sentence on May 3, 1971. The said suspended sentence was ordered revoked on July 7, 1972, and from said Order of Revocation, a timely appeal has been perfected to this Court.

The sole proposition asserts that the trial court was without authority to revoke the five-year suspended sentence in that the court records do not reflect that the defendant, who entered a plea of guilty without counsel, was adequately advised of his rights to counsel. The Attorney General has timely filed a motion to supplement the record to include the transcript of the guilty plea which was not available at the revocation hearing. The transcript reflects the following:

"[By the Court] Q. Have you been represented by an attorney up until this point?

"A. Yes, sir, Charles Foor.

"Q. Do you wish for Mr. Foor to represent you today?

"A. No, sir.

"Q. You understand that if you can't afford to hire an attorney that the state will appoint one to represent you?

"A. Yes, sir.

"Q. Do you want the state to appoint one for you?

"A. No, I have hired an attorney. I don't want one.

"Q. You state that you have hired an attorney, but don't want him to represent you?

"A. Yes, sir." (Original Record 21–22)

We thus conclude that defendant, knowingly and intelligently, waived his right to counsel.

The Order Revoking the Suspended Sentence is, accordingly, Affirmed.

BLISS and BRETT, JJ., concur.